******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Elgo, Moll and Clark, Js.

*Syllabus*

The petitioner, who had been convicted of manslaughter in the second
degree and evading responsibility in the operation of a motor vehicle,
sought a writ of habeas corpus, claiming, inter alia, that certain changes
to a risk reduction earned credit program had been improperly applied
to him by the respondent, the Commissioner of Correction. The habeas
court, sua sponte and without providing the petitioner with prior notice
or an opportunity to be heard, dismissed the petitioner's amended peti-
tion pursuant to the rule of practice (§ 23-29), concluding that it lacked
subject matter jurisdiction over that petition and that the amended
petition failed to state a claim on which habeas corpus relief could be
granted. On the granting of certification, the petitioner appealed from
the habeas court's judgment to this court. *Held* that, in light of our
Supreme Court's recent decisions in *Brown* v. *Commissioner of Correc-
tion* (345 Conn. 1), and *Boria* v. *Commissioner of Correction* (345
Conn. 39), this court concluded that, although the habeas court was not
obligated to conduct a hearing before dismissing the amended petition,
it was required to provide to the petitioner prior notice of its intention
to dismiss, on its own motion, the amended petition and an opportunity
to submit a brief or a written response addressing the proposed basis
for dismissal, which it did not do; accordingly, on remand, should the
habeas court again elect to exercise its discretion to dismiss the amended
petition, or any subsequent amended petition properly filed by the peti-
tioner, on its own motion pursuant to Practice Book § 23-29, the court
must comply with *Brown* and *Boria* by providing the petitioner with
prior notice and an opportunity to submit a brief or written response
addressing the proposed basis for dismissal.

Argued September 19—officially released November 22, 2022

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland, where the court, *Hon. Edward J. Mullarkey,*
judge trial referee, rendered judgment dismissing the
petition, from which the petitioner, on the granting of
certification, appealed to this court. *Reversed*; *further
proceedings*.

*Vishal K. Garg*, assigned counsel, for the appellant
(petitioner).

*Steven R. Strom*, assistant attorney general, with
whom, on the brief, were *William Tong*, attorney gen-
eral, and *Clare Kindall*, solicitor general, for the appel-
lee (respondent).

*Opinion*

MOLL, J. The petitioner, Marcus Hodge, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court dismissing, on its own motion, his amended petition for a writ of habeas corpus pursuant to Practice Book § 23-29. On appeal, the dispositive claim raised by the petitioner is that the court improperly dismissed his amended habeas petition under § 23-29 without notice and a hearing.[1] In light of our Supreme Court's recent decisions in *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 282 A.3d 959 (2022), and in *Brown*'s companion case, *Boria* v. *Commissioner of Correction*, 345 Conn. 39, 282 A.3d 433 (2022), we conclude that the habeas court committed error in dismissing the amended habeas petition pursuant to § 23-29 without providing to the petitioner prior notice of its intention to dismiss, on its own motion, the amended habeas petition and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal. Accordingly, we reverse the judgment of the habeas court.

The following procedural history is relevant to our resolution of this appeal. On June 29, 2015, the petitioner, representing himself, filed a petition for a writ of habeas corpus. The same day, the petitioner filed a request for appointment of counsel and an application for a waiver of fees, which were granted on July 2, 2015. On November 15, 2017, after counsel had appeared on his behalf, the petitioner filed an amended eighteen count petition for a writ of habeas corpus (amended petition). The petitioner alleged that, on December 16, 2011, he was sentenced to a total effective sentence of fifteen years of incarceration after being convicted of manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1) and evading responsibility in the operation of a motor vehicle in violation of General Statutes (Rev. to 2009) § 14-224 (a), stemming from an incident that had occurred in March, 2010. The petitioner's substantive allegations implicated "the risk reduction earned credit program that was established in 2011, by No. 11-51 of the 2011 Public Acts . . . as codified in General Statutes (Supp. 2012) §§ 18-98e and 54-125a, [and] which was eliminated in 2013, following the enactment of No. 13-3, § 59, of the 2013 Public Acts . . . ." *Johnson* v. *Commissioner of Correction*, 208 Conn. App. 204, 207, 264 A.3d 121, cert. denied, 340 Conn. 911, 264 A.3d 1001 (2021). Only counts two, six, and twelve of the amended petition are relevant to this appeal.[2] In count two, the petitioner alleged that the respondent, the Commissioner of Correction, improperly applied No. 13-247 of the 2013 Public Acts, § 376, which amended subsections (d) and (e) of General Statutes (Rev. to 2013) § 54-125a, to him retroactively. In count six, the petitioner alleged that the respondent improperly applied No. 13-3 of the 2013 Public Acts,

§ 59, which amended subsections (b) (2), (c), and (e) of General Statutes (Rev. to 2013) § 54-125a, to him retroactively. In count twelve, the petitioner alleged that "[t]he respondent's interpretation and application of [General Statutes] § 54-125a, as amended in 2013, deprives the petitioner of his right to rely upon governmental representations, protected by the due process clauses of the state and federal constitutions, as explained in *Santobello* v. *New York*, 404 U.S. 257, [92 S. Ct. 495, 30 L. Ed. 2d 427] (1971)."

On March 19, 2018, the habeas court, *Hon. Edward J. Mullarkey*, judge trial referee, dismissed, on its own motion, the amended petition pursuant to Practice Book § 23-29.[3] The court concluded that, "[b]ecause the petitioner has no right to earn and receive discretionary [risk reduction earned credit], and any changes, alterations, and even the total elimination of [risk reduction earned credit] at most can only revert the petitioner to the precise measure of punishment in place at the time of the offense, the court concludes that it lacks subject matter jurisdiction over the [amended] habeas corpus petition and that the [amended] petition fails to state a claim for which habeas corpus relief can be granted." The court continued: "Consequently . . . judgment shall enter dismissing the [amended] petition for a writ of habeas corpus. Practice Book § 23-29 (1), (2) and (5)." Thereafter, the petitioner filed a petition for certification to appeal, which the court granted on April 12, 2018. This appeal followed.

While this appeal was pending,[4] our Supreme Court released its decisions in *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 1, and in *Brown*'s companion case, *Boria* v. *Commissioner of Correction*, supra, 345 Conn. 39. In those cases, our Supreme Court concluded that, before dismissing, on its own motion, a habeas petition pursuant to Practice Book § 23-29, a habeas court must provide to the petitioner prior notice of its intention to dismiss the habeas petition and an opportunity to file a brief or a written response to the proposed basis for dismissal. *Brown* v. *Commissioner of Correction*, supra, 11; *Boria* v. *Commissioner of Correction*, supra, 41. Our Supreme Court further concluded that a habeas court is not obligated to hold a full hearing prior to dismissing, on its own motion, a habeas petition pursuant to § 23-29, but it may exercise its discretion to "hold a full hearing when it deems it appropriate." *Brown* v. *Commissioner of Correction*, supra, 17; see also *Boria* v. *Commissioner of Correction*, supra, 42–43.

*Brown* and *Boria* govern our resolution of this appeal.[5] The petitioner's dispositive claim is that the court improperly dismissed the amended petition pursuant to Practice Book § 23-29 without notice and a hearing. Pursuant to *Brown* and *Boria*, the court was not obligated to conduct a hearing before dismissing

the amended petition; however, it was required to provide to the petitioner prior notice of its intention to dismiss, on its own motion, the amended petition and an opportunity to submit a brief or a written response vis-à-vis the proposed basis for dismissal, which the court did not do.[6] Accordingly, under the binding precedent of *Brown* and *Boria*, we must reverse the court's dismissal of the amended petition pursuant to § 23-29 and remand the case to the habeas court.[7]

We next consider the appropriate course for the habeas court to take on remand. In *Brown*, notwithstanding that the habeas court in that case had issued the writ to commence the habeas proceeding, our Supreme Court remanded the case to the habeas court "to first determine whether any grounds exist for it to decline to issue the writ pursuant to Practice Book § 23-24. If the writ is issued, and the habeas court again elects to exercise its discretion to dismiss the petitioner's habeas petition on its own motion pursuant to Practice Book § 23-29, it must . . . provide the petitioner with prior notice and an opportunity to submit a brief or a written response to the proposed basis for dismissal." (Footnote omitted.) *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 17–18; see also *Boria* v. *Commissioner of Correction*, supra, 345 Conn. 43. Our Supreme Court reasoned that such a remand order was proper in *Brown*, as well as in *Boria*, because, at the time of the respective judgments of dismissal, the habeas courts had not had the benefit of our Supreme Court's decision in *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 223 A.3d 368 (2020). *Brown* v. *Commissioner of Correction*, supra, 17; *Boria* v. *Commissioner of Correction*, supra, 43. In *Gilchrist*, the habeas court dismissed a habeas petition for lack of subject matter jurisdiction pursuant to Practice Book § 23-29 (1), notwithstanding that the habeas court had not issued the writ. *Gilchrist* v. *Commissioner of Correction*, supra, 552. Our Supreme Court reversed this court's judgment, which had affirmed the judgment of dismissal, concluding that, rather than dismissing the habeas petition for lack of subject matter jurisdiction under § 23-29 (1), the habeas court should have declined to issue the writ for lack of subject matter jurisdiction pursuant to Practice Book § 23-24 (a) (1). Id., 563. In *Brown*, our Supreme Court explained that "*Gilchrist* firmly established that . . . § 23-24 acts as a gatekeeping mechanism that allows a habeas court to review and dispose of a clearly defective petition by simply providing the petitioner with notice of its decision to decline to issue the writ." *Brown* v. *Commissioner of Correction*, supra, 10–11. In footnote 11 of *Brown*, our Supreme Court advised that, "[i]n cases decided prior to *Gilchrist*, the most efficient process to resolve those cases is to remand them to the habeas court to determine first whether grounds exist to decline the issuance of the writ." Id., 17 n.11.

We observe that footnote 11 of *Brown* may create some unintended difficulties. This case presents one such occasion. Footnote 11 of *Brown* contemplates, at least in some cases decided prior to *Gilchrist*, a remand to the habeas court to determine whether grounds exist to decline the issuance of the writ pursuant to Practice Book § 23-24, notwithstanding the fact that the writ had already issued. See id. In *Brown*, however, the original habeas petition filed by the self-represented petitioner was the operative habeas petition that the habeas court dismissed pursuant to Practice Book § 23-29. Id., 8. In contrast, after counsel had appeared on his behalf in the present case, the petitioner filed an amended habeas petition more than two years after he had filed the original habeas petition. Without additional guidance from our Supreme Court, we deem the rationale of footnote 11 of *Brown* to be inapplicable to the present case.[8] It would strain logic to construe footnote 11 of *Brown* as advising that we should direct the habeas court on remand to consider declining to issue the writ under § 23-24 vis-à-vis the amended petition, which was filed *after* the writ had been issued. Moreover, affording the habeas court on remand another opportunity to consider declining to issue the writ under § 23-24 vis-à-vis the original habeas petition, in effect, would vitiate the filing of the amended petition, which is not an outcome that we believe our Supreme Court in *Brown* intended.

In light of the foregoing considerations, we conclude that the proper remedy is to reverse the judgment of dismissal and remand the case to the habeas court for further proceedings according to law. Should the habeas court again elect to exercise its discretion to dismiss the amended petition, or any subsequent amended petition properly filed by the petitioner, on its own motion pursuant to Practice Book § 23-29, the court must comply with the mandate of *Brown* and *Boria* by providing to the petitioner prior notice and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The petitioner also claims that the court improperly dismissed his amended habeas petition pursuant to Practice Book § 23-29 on the merits. Our conclusion that the court erred in dismissing the amended habeas petition under § 23-29 without providing to the petitioner prior notice and an opportunity to submit a brief or a written response is dispositive of this appeal, and, therefore, we need not address this separate claim.

[2] During oral argument before this court, the petitioner's counsel stated that the petitioner was claiming error only with respect to the habeas court's dismissal of counts two, six, and twelve of the amended petition.

[3] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

[4] The petitioner filed this appeal on May 10, 2018, after he had been granted a waiver of fees, costs, and expenses and appointment of counsel on appeal. On September 13, 2018, this court stayed this appeal until the official release of this court's opinions in three habeas appeals pending at the time. On November 1, 2019, this court lifted the stay. Thereafter, on June 30, 2020, the petitioner filed a motion to stay this appeal, which this court granted on July 1, 2020, pending our Supreme Court's final resolution of *Holliday* v. *Commissioner of Correction*, Docket No. SC 20460 (appeal dismissed October 26, 2021). On November 12, 2021, after our Supreme Court had dismissed *Holliday* on mootness grounds, this court lifted the stay.

[5] On October 17, 2022, we ordered, sua sponte, the parties to file simultaneous supplemental briefs addressing the effect, if any, of our Supreme Court's decisions in *Brown* and *Boria* on this appeal. The parties filed briefs in accordance with our order.

[6] On October 10, 2017, the habeas court, *Westbrook, J.*, issued a JDNO notice stating in relevant part that "[t]he parties and counsel are hereby given notice that lack of jurisdiction may be raised by the court at any time and, therefore, the parties and counsel should anticipate presenting arguments addressing jurisdiction at any time." This notice could not have served to notify the petitioner of the court's intention to dismiss the amended petition pursuant to Practice Book § 23-29 because the notice (1) preceded the filing of the amended petition and (2) did not state that the court *was* considering dismissal on the basis of lack of subject matter jurisdiction, but, rather, that the court *may* raise that issue at any time in the future. Moreover, at no point was the petitioner invited to submit a brief or a written response in advance of the court's judgment dismissing the amended petition.

[7] In its supplemental brief, the respondent argues that *Brown* and *Boria* do not require this court to reverse the judgment of dismissal and to remand the case to the habeas court because the petitioner has received an opportunity to be heard regarding the dismissal of his claims, which involve pure questions of law, by virtue of this appeal, and this court is best positioned to address the merits of the petitioner's claims. We reject the respondent's argument, as we construe *Brown* and *Boria* to mandate a reversal of the judgment of dismissal and a remand to the habeas court. Indeed, in *Boria*, one of the claims raised by the petitioner was a risk reduction earned credit challenge claim, which the habeas court dismissed for lack of subject matter jurisdiction pursuant to Practice Book § 23-29 (1). *Boria* v. *Commissioner of Correction*, supra, 345 Conn. 42.

[8] In their respective supplemental briefs, both parties agree that, in the event that the judgment of dismissal is reversed and the case is remanded to the habeas court, this court should not instruct the habeas court on remand to conduct a screening review pursuant to Practice Book § 23-24.