******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The petitioner, who had been convicted, after a jury trial, of, inter alia,
capital felony, sought a writ of habeas corpus. The habeas court, on its
own motion and without providing the petitioner with prior notice or
an opportunity to be heard, dismissed the petitioner's petition pursuant
to the rule of practice (§ 23-29), finding that the court lacked jurisdiction
because the petition failed to challenge the petitioner's conviction or
the conditions of confinement. Thereafter, the habeas court denied the
petition for certification to appeal, and the petitioner appealed to this
court. *Held*:

1. The trial court abused its discretion in denying the petition for certification
   to appeal: in light of our Supreme Court's recent decisions in *Brown* v.
   *Commissioner of Correction* (345 Conn. 1), and *Boria* v. *Commissioner
   of Correction* (345 Conn. 39), the resolution of the underlying claim of
   procedural error concerning the right to notice and an opportunity to
   respond in writing prior to a dismissal under Practice Book § 23-29
   involved issues that were debatable among jurists of reason, a court
   could resolve the issues in a different manner, and the questions were
   adequate to deserve encouragement to proceed further.

2. This court concluded that, although the habeas court was not required
   to hold a full hearing, the petitioner was entitled to notice of that court's
   intention to dismiss his petition and an opportunity to file a brief or a
   written response concerning the proposed basis for dismissal, which it
   did not do; accordingly, on remand, the habeas court may elect to dismiss
   the petition, or any amended petition properly filed by the petitioner,
   on its own motion pursuant to Practice Book § 23-29, but it must comply
   with the procedure set forth in *Brown* and *Boria* by providing the
   petitioner with prior notice of its proposed basis for dismissal and an
   opportunity to submit a brief or written response addressing the issue.

Argued September 16, 2021—officially released December 27, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition; thereafter, the court denied the petition
for certification to appeal, and the petitioner appealed
to this court. *Reversed*; *further proceedings*.

*Mary Boehlert*, assigned counsel, for the appellant
(petitioner).

*Thadius L. Bochain*, deputy assistant state's attor-
ney, with whom, on the brief, were *Patrick J. Griffin*,
former state's attorney, *Laurie N. Feldman*, assistant
state's attorney, *John P. Doyle, Jr.*, state's attorney, and
*Adrienne Russo*, senior assistant state's attorney, for
the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Isschar Howard, appeals, following the denial of his petition for certification to appeal, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus pursuant to Practice Book § 23-29.[1] The petitioner argues that the court abused its discretion in denying certification to appeal because the court improperly (1) dismissed the petition for a writ of habeas corpus sua sponte under § 23-29 without first providing him fair notice and an opportunity to be heard with respect to the proposed basis for dismissal and (2) concluded that it lacked jurisdiction over the petition for a writ of habeas corpus. We agree with the petitioner that the court abused its discretion in denying his petition for certification to appeal. Furthermore, in light of our Supreme Court's recent decisions in *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 282 A.3d 959 (2022), and in *Brown*'s companion case, *Boria* v. *Commissioner of Correction*, 345 Conn. 39, 282 A.3d 433 (2022), we agree with the petitioner that the habeas court committed error in dismissing the habeas petition pursuant to § 23-29 without first providing him with prior notice of its intention to dismiss, on its own motion, the habeas petition and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal. Accordingly, we reverse the judgment of the habeas court.[2]

The following procedural history is relevant to this appeal. Following a jury trial, the petitioner was convicted of capital felony in violation of General Statutes (Rev. to 1999) § 53a-54b (8), two counts of murder in violation of General Statutes § 53a-54a (a), criminal possession of a firearm in violation of General Statutes (Rev. to 1999) § 53a-217 (a), carrying a pistol or revolver without a permit in violation of General Statutes (Rev. to 1999) § 29-35, and possession of narcotics in violation of General Statutes (Rev. to 1999) § 21a-279 (a). The trial court, *Harper, J.*, sentenced the petitioner to a total effective term of life in prison without the possibility of release, plus seventeen years of imprisonment. In 2005, following a direct appeal, this court affirmed the judgment of conviction. *State* v. *Howard*, 88 Conn. App. 404, 870 A.2d 8, cert. denied, 275 Conn. 917, 883 A.2d 1250 (2005).

On October 14, 2016, the petitioner, who was self-represented at the time, filed a petition for a writ of habeas corpus on a state supplied form.[3] On the same day, the petitioner filed a request for appointment of counsel and an application for waiver of fees, which the court granted on October 31, 2016. On October 31, 2016, the court also assigned a docket number to the habeas action and, in response to the petitioner's request for appointment of counsel, referred the petitioner to the Office of the Chief Public Defender for an investigation into whether he was indigent. On Decem-

ber 2, 2016, the State's Attorney's Office for the New Haven judicial district appeared on behalf of the respondent, the Commissioner of Correction. On December 6, 2016, the law firm of Zingaro & Cretella, LLC, appeared on behalf of the petitioner as assigned counsel.

No further activity is reflected on the habeas court docket until September 7, 2018, when the court, *Newson, J.*, issued a scheduling order. The order, bearing the signatures of counsel for the petitioner and the respondent, provided that an amended petition was to be filed, if at all, by January 1, 2020, that the case was to be claimed to the trial list on January 20, 2021, and that a certificate of closed pleadings was to be filed no later than March 30, 2020.

On January 24, 2019, counsel for the petitioner, Zingaro & Cretella, LLC, filed a motion to withdraw appearance. The attorney who submitted the motion, Eugene J. Zingaro, represented that he was unable to devote the time necessary to represent the petitioner in this matter or, for that matter, to manage any other "assigned counsel appointments." Zingaro requested that the court permit the withdrawal in this case, and he requested that "new assigned counsel be appointed [for the petitioner] by the Chief Public Defender's office."

Nothing in the record reflects that the court either considered or ruled on the motion to withdraw appearance. Instead, by order dated February 1, 2019, the court, *Newson, J.*, sua sponte dismissed the action "pursuant to Practice Book § 23-39."[4] Prior to dismissing the action, the court did not notify the parties that it was considering dismissing the action and did not provide the petitioner an opportunity to respond to the proposed basis for dismissal. The court's order stated: "Upon review, the petition is dismissed for lack of jurisdiction. More specifically, the petition does not challenge the conviction but alleged constitutional violations that preceded trial. As such, giving the [petition] the most reasonable reading possible, it fails to challenge the conviction or the conditions of confinement."

On March 5, 2019, pursuant to General Statutes § 52-470 (g), the petitioner, in a self-represented capacity, filed a petition for certification to appeal from the court's ruling.[5] The petitioner also filed an application for waiver of fees, costs and expenses and appointment of counsel on appeal. In the portion of the petition for certification in which the petitioner set forth the grounds for which certification was being sought, the petitioner incorporated by reference the grounds set forth in his application for waiver of fees, costs and expenses and appointment of counsel on appeal. There, the petitioner set forth those grounds as follows: "Dissatisfied with decision." On March 8, 2019, the court denied the petition for certification to appeal. On March

27, 2019, the court granted the petitioner's application for waiver of fees, costs and expenses and appointment of counsel on appeal. This appeal followed.

On September 16, 2021, this court heard oral argument in this appeal. On February 22, 2022, this court, sua sponte, stayed the appeal pending the final resolution of the appeals in *Brown* and *Boria*, which involved similar claims and, at that time, were pending before our Supreme Court. After our Supreme Court officially released its decisions in *Brown* and *Boria*, we ordered the parties to file supplemental briefs "addressing the effect, if any, of *Brown* v. *Commissioner of Correction*, [supra, 345 Conn. 1], and *Boria* v. *Commissioner of Correction*, [supra, 345 Conn. 39], on this appeal, including whether, if the judgment of dismissal is reversed, the habeas court should be directed on remand 'to first determine whether any grounds exist for it to decline to issue the writ pursuant to Practice Book § 23-24.' *Brown* v. *Commissioner of Correction*, supra, 17 and n.11; *Boria* v. *Commissioner of Correction*, supra, 43." The parties have complied with our supplemental briefing order.

In this appeal, we focus on the dispositive claim advanced by the petitioner, that the court improperly dismissed the petition for a writ of habeas corpus sua sponte under Practice Book § 23-29 without first providing him fair notice and an opportunity to be heard with respect to the proposed basis for dismissal. As a threshold consideration, however, we must address the issue of whether the court abused its discretion in denying the petition for certification to appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . .

"In determining whether the habeas court abused

its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Citation omitted; internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 201 Conn. App. 339, 344–45, 242 A.3d 756 (2020), cert. denied, 336 Conn. 905, 242 A.3d 1009 (2021).

The petitioner argues that the habeas court's denial of the petition for certification to appeal reflected an abuse of its discretion. The respondent argues that the petitioner is unable to demonstrate that the court abused its discretion in denying his petition for certification to appeal because the petition for certification to appeal was untimely. The respondent also argues that, beyond expressing the petitioner's dissatisfaction with the court's decision, the petition for certification to appeal did not set forth any precise legal grounds, let alone the grounds on which he relies in this appeal. We reject those contentions.[6] We conclude, in light of our Supreme Court's recent decisions in *Brown* and *Boria*, that the resolution of the underlying claim of procedural error involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner, and that the questions are adequate to deserve encouragement to proceed further. Accordingly, we agree with the petitioner that the habeas court's denial of the petitioner's petition for certification to appeal reflected an abuse of its discretion.

We now turn to the merits of the appeal. The petitioner argues that the court "should not have dismissed the petition sua sponte, at its current state in the proceedings, without affording [him] fair notice and a hearing." The petitioner argues that "[t]he court was required to and should have read the petition broadly to allow [him] to have the opportunity to have his case fully and fairly heard." The petitioner also argues that, when the court dismissed the petition, the only petition that had been filed was the petition that he filed in a self-represented capacity, the time in which to file an amended petition had not yet passed,[7] and "[he had not been] provided with the services of his assigned counsel to assist him in clarifying his [self-represented], handwritten petition to better express or fine tune his claims, arguments, and supporting facts." The petitioner relies on the fact that the court's dismissal did not occur pursuant to Practice Book § 23-24, incident to a preliminary review of his petition by the judicial authority before it issued the writ.[8] Instead, the court dismissed

the petition on jurisdictional grounds nearly two years after the writ had issued. The petitioner argues that "[o]nce the habeas court reviewed the petition and issued the writ . . . [it] should have provided [him] and his assigned counsel with fair notice and a hearing, in the event the court questioned subject matter jurisdiction."

"Whether a habeas court properly dismissed a petition for a writ of habeas corpus presents a question of law over which our review is plenary. See *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 559, 153 A.3d 1233 (2017) (plenary review of dismissal under Practice Book § 23-29 [2]); *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008) (conclusions reached by habeas court in dismissing habeas petition are matters of law subject to plenary review)." *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 553, 223 A.3d 368 (2020).

In their supplemental briefs, the parties agree that, if we reach the issue of whether the court committed error by failing to afford the petitioner notice of its intent to dismiss the petition pursuant to Practice Book § 23-29 and an opportunity to respond in writing to address the issue, *Brown* and *Boria* require a reversal of the judgment dismissing the petition. We agree with the parties that *Brown* and *Boria*, both of which address claims similar in nature to the claim presently before us, govern our resolution of the appeal and require a reversal of the judgment of dismissal. In *Brown*, the court concluded "that § 23-29 requires the habeas court to provide prior notice of the court's intention to dismiss, on its own motion, a petition that it deems legally deficient and an opportunity to be heard on the papers by filing a written response. The habeas court may, in its discretion, grant oral argument or a hearing, but one is not mandated." *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 4. In *Boria*, our Supreme Court adopted the reasoning and conclusions set forth in *Brown*. *Boria* v. *Commissioner of Correction*, supra, 345 Conn. 43.

We agree with the petitioner that, prior to the sua sponte dismissal, he was entitled to notice of the court's intention to dismiss his petition and an opportunity to at least file a brief or a written response concerning the proposed basis for dismissal. The court's failure to follow this procedure requires reversal of the judgment of dismissal and a remand to the habeas court for further proceedings consistent with this opinion. To the extent that the petitioner argued in his principal appellate brief, however, that he was entitled to "a hearing" prior to the dismissal of the petition, *Brown* and *Boria* do not support his argument. As stated previously, the court is not required to hold a full hearing but may exercise its discretion to do so in cases in which it is deemed to be appropriate. See *Brown* v. *Commissioner*

*of Correction*, supra, 345 Conn. 4.

In accordance with *Brown* and *Boria*, we must consider an additional issue, namely, whether, as suggested in footnote 11 of *Brown*, the habeas court on remand should first consider whether grounds exist to decline the issuance of the writ pursuant to Practice Book § 23-24. This issue leads us to discuss *Brown* in further detail. The petitioner in *Brown* filed a habeas petition on October 29, 2018. Id., 8. On November 15, 2018, the habeas court granted the petitioner's request for appointment of counsel and his application for a waiver of fees. Id. On November 19, 2018, the habeas court, acting on its own motion and without prior notice to the petitioner, issued an order dismissing the petition pursuant to Practice Book § 23-29 (3). Id. This court summarily dismissed the petitioner's appeal from the judgment dismissing his habeas petition but, following a grant of certification to appeal, our Supreme Court reversed this court's judgment on the ground that the habeas court improperly had failed to afford the petitioner prior notice of its intention to dismiss the petition and an opportunity to at least submit a brief or written response addressing the issue. Id., 5. Our Supreme Court remanded the case to this court with direction to reverse the judgment of the habeas court and to remand the case to the habeas court for further proceedings consistent with its opinion. Id., 18.

Our Supreme Court in *Brown* also reasoned that, "[b]ecause the habeas court in [*Brown*] did not have the benefit of this court's decision in *Gilchrist*, the case must be remanded to the habeas court for it to first determine whether any grounds exist for it to decline to issue the writ pursuant to Practice Book § 23-24. If the writ is issued, and the habeas court again elects to exercise its discretion to dismiss the petitioner's habeas petition on its own motion pursuant to Practice Book § 23-29, it must . . . provide the petitioner with prior notice and an opportunity to submit a brief or a written response to the proposed basis for dismissal." (Footnote omitted.) Id., 17–18; see also *Boria* v. *Commissioner of Correction*, supra, 345 Conn. 43. In footnote 11 of its opinion, the court in *Brown* also stated, "[w]e are aware that there are other cases pending before this court and the Appellate Court that were decided without the benefit of this court's decision in *Gilchrist*. . . . In cases decided prior to *Gilchrist*, the most efficient process to resolve those cases is to remand them to the habeas court to determine first whether grounds exist to decline the issuance of the writ." (Citation omitted.) *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 17 n.11; see also *Boria* v. *Commissioner of Correction*, supra, 43.

The judgment of dismissal in the present case occurred prior to our Supreme Court's decision in *Gilchrist* v. *Commissioner of Correction*, supra, 334

Conn. 548. In *Gilchrist*, our Supreme Court explained the proper application of Practice Book §§ 23-24 and 23-29. The court stated that "the screening function of . . . § 23-24 plays an important role in habeas corpus proceedings, but it is intended only to weed out obviously and unequivocally defective petitions, and we emphasize that [b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. . . . Screening petitions prior to the issuance of the writ is intended to conserve judicial resources by eliminating obviously defective petitions; it is not meant to close the doors of the habeas court to justiciable claims. Special considerations ordinarily obtain when a petitioner has proceeded pro se. . . . [I]n such a case, courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed. . . . The justification for this policy is apparent. If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also to the mass of uneducated, unrepresented prisoners. . . . Thus, when borderline cases are detected in the preliminary review under § 23-24, *the habeas court should issue the writ and appoint counsel so that any potential deficiencies can be addressed in the regular course after the proceeding has commenced.*" (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 560–61. The court explained that, "[i]n contrast [with § 23-24] . . . § 23-29 contemplates the dismissal of a habeas petition after the writ has issued on any of the enumerated grounds." Id., 561.

The petitioner argues that, by the time that the court sua sponte dismissed the petition in the present case, the action had advanced to such an extent that the rationale of footnote 11 of *Brown* does not apply. In contrast, the respondent argues that "this case falls squarely within the remand order contemplated by [our Supreme Court] in *Brown* and *Boria.*" We agree with the petitioner. This court has not interpreted footnote 11 of *Brown* as a directive that applies in every appeal in which a habeas action must be remanded to the habeas court following an improper sua sponte dismissal, predating *Gilchrist*, pursuant to Practice Book § 23-29. See *Villafane* v. *Commissioner of Correction*, 216 Conn. App. 839, 849–50,    A.3d    (2022) (declining to apply footnote 11 because, by time of habeas court's sua sponte dismissal, petitioner had filed amended petition); *Hodge* v. *Commissioner of Correction*, 216 Conn. App. 616, 623–24,    A.3d    (2022) (same). As this court has reasoned, the remand order described in footnote 11 need not be imposed if doing so could lead to an outcome that we do not believe our Supreme Court in *Brown* would have intended. *Hodge* v. *Commissioner of Correction*, supra, 624.

We note that, as in *Brown* and *Boria*, the sua sponte dismissal of the habeas petition in the present case occurred after the writ was issued but prior to the filing of an amended petition.[9] Significantly, however, at the time the habeas court in *Brown* sua sponte dismissed the petition at issue in that case, the habeas action had been pending on the court's docket for approximately three weeks, and counsel had not yet been appointed to represent the petitioner. *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 8. Similarly, the habeas court's sua sponte dismissal of the petition at issue in *Boria* occurred after the habeas action had been pending on the court's docket for approximately one month, and counsel had not yet been appointed to represent the petitioner. See *Boria* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-16-4008315-S (September 7, 2016). In contrast, in the present case, the court's sua sponte dismissal occurred approximately two years and three months after the petitioner filed the habeas petition and more than two years after counsel appeared on his behalf. At the time of the dismissal, the petitioner was represented by counsel, an agreed upon scheduling order was in place, and the time in which to file an amended petition had not yet passed.

Our Supreme Court has explained that the purpose of appointing counsel in habeas actions, following the issuance of the writ, is "so that any potential deficiencies can be addressed in the regular course after the proceeding has commenced." *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 561. In the present case, the habeas court appointed counsel to represent the petitioner, and counsel will have an opportunity to address any potential deficiencies in the original petition that he filed in a self-represented capacity. In light of this fact, and the length of time in which the habeas action has been pending on the court's docket, we conclude that permitting the court on remand to decline to issue the writ pursuant to Practice Book § 23-24 could lead to an unjust outcome that our Supreme Court would not have intended. Consistent with the principles set forth in *Gilchrist*, we believe that the best approach is to follow the directive set forth in footnote 11 of *Brown* in cases, like *Boria*, that are procedurally similar to *Brown*. Thus, we do not believe that the proper course on remand in the present case is for the court to reevaluate the petitioner's self-represented petition filed on October 14, 2016, to first determine whether any grounds exist to decline to issue the writ pursuant to § 23-24. During the proceedings on remand, the court may elect to dismiss the petition, or any amended petition properly filed by the petitioner, on its own motion pursuant to Practice Book § 23-29, but it must comply with the procedure set forth in *Brown* and *Boria* by providing the petitioner with prior notice of its proposed basis for dismissal and affording

the petitioner at least an opportunity to submit a brief or written response addressing the issue.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

[2] Because we agree with the petitioner's first claim, which concerns a procedural error, and that claim is dispositive of the appeal, we need not and do not consider the petitioner's second claim, that the court improperly concluded that it lacked jurisdiction over the petition. The court, in its discretion, may choose to revisit this issue during the proceedings on remand, provided that it does so consistent with the procedure set forth in this opinion.

[3] We do not construe the grounds set forth in the petition for a writ of habeas corpus because it is unnecessary for us to do so.

[4] The respondent suggests, and we agree, that, in light of the rationale of the court's order, its reference to Practice Book § 23-39, which governs depositions in habeas matters, appears to be a scrivener's error. The rationale of the court's order strongly suggests that the court intended to refer to Practice Book § 23-*29*, which governs dismissals of habeas petitions for lack of jurisdiction. Accordingly, in this opinion, we will construe the court's ruling to have been made pursuant to § 23-29.

[5] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[6] First, the record does not suggest that the court denied the petition on timeliness grounds. Second, although the petition does not reflect the precision and detail that it might have if it had been prepared by an attorney skilled in the law, we are mindful that it was filed by the petitioner in a self-represented capacity after the law firm appointed as his counsel asked the court to permit it to withdraw its appearance. Under these circumstances, and mindful of our obligation to construe the pleadings filed by self-represented litigants liberally; see, e.g., *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 140, 7 A.3d 911 (2010); we conclude that the petition reasonably may be interpreted so as to encompass the court's decision to dismiss the petition sua sponte in reliance on Practice Book § 23-29 without first providing the petitioner notice of its intent to dismiss the petition or an opportunity to respond in writing.

[7] Practice Book § 23-32 provides in relevant part that "[t]he petitioner may amend the petition at any time prior to the filing of the return. . . ." As we stated previously in this opinion, the court's scheduling order provided that the petitioner had until January 20, 2020, to file an amended petition. Also, the order provided that the respondent had until February 20, 2020, or thirty days from the petitioner's filing of an amended petition, to file a return. At the time that the court dismissed the petition, the petitioner had not filed an amended petition, the respondent had not filed a return, and neither party had filed a certificate of closed pleadings.

[8] Practice Book § 23-24 provides: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction;

"(2) the petition is wholly frivolous on its face; or

"(3) the relief sought is not available.

"(b) The judicial authority shall notify the petitioner if it declines to issue the writ pursuant to this rule."

[9] We may infer that the habeas court issued the writ in the present case no later than October 31, 2016, when it assigned a docket number to the habeas action and granted the petitioner's request for appointment of counsel and his application for a waiver of fees. In *Gilchrist*, our Supreme Court explained that, "when a petition for a writ of habeas corpus alleging a claim of illegal confinement is submitted to the court, the following procedures should be followed. First, upon receipt of a habeas petition that is submitted under oath and is compliant with the requirements of Practice Book § 23-22; see Practice Book §§ 23-22 and 23-23; the judicial authority must review the petition to determine if it is patently defective because the court lacks jurisdiction, the petition is wholly frivolous on its face, or the relief sought is unavailable. . . . If it is clear that any of those defects are present, then the judicial authority should issue an order declining to issue the writ, and the office of the clerk should return the petition to the petitioner explaining that the judicial authority has declined to issue the writ pursuant to § 23-24. . . . If the judicial authority does not decline to issue the writ, then it must issue the writ, the effect of which will be to require the respondent to enter an appearance in the case and to proceed in accordance with applicable law. *At the time the writ is issued, the court should also take action on any request for the appointment of counsel and any application for the waiver of filing fees and costs of service.* . . . After the writ has issued, all further proceedings should continue in accordance with the procedures set forth in our rules of practice, including Practice Book § 23-29." (Citations omitted; emphasis added.) *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 562–63.