******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MARCUS HODGE *v.* COMMISSIONER OF CORRECTION
## (AC 46580)

Alvord, Moll and Seeley, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes in connection with a fatal hit-and-run accident, sought a writ of habeas corpus, claim-ing, inter alia, that certain changes to a risk reduction earned credit program had been improperly applied to him by the respondent, the Commissioner of Correction. The habeas court, sua sponte and without providing the petitioner with prior notice or an opportunity to be heard, dismissed the petitioner's first amended petition pursuant to the rule of practice (§ 23-29), concluding that it lacked subject matter jurisdiction over that petition and that the petition failed to state a claim on which habeas corpus relief could be granted. In the petitioner's prior appeal to this court, this court held that the habeas court was required to provide to the petitioner prior notice of its intention to dismiss, on its own motion, the petition and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal, which it did not do. Accordingly, this court remanded the case to the habeas court for further proceedings. On remand, the habeas court issued the requisite notice to the parties, and the petitioner, rather than addressing the jurisdiction of the court over the first amended petition, filed a second amended petition and a memorandum addressing why the claims asserted in his second amended petition were not subject to dismissal. The petitioner's claims in his second amended petition included, inter alia, two statutory interpretation claims challenging the respondent's interpretation of certain amendments to the statute (§ 54-125a) govern-ing eligibility for parole and risk reduction earned credit. The court rejected the second amended petition in light of the pendency of the court's own motion to dismiss and subsequently dismissed the petition-er's first amended petition, reasoning that, in light of the petitioner's failure to respond to the court's order to address the legal sufficiency of the first amended petition, he had abandoned those claims. On the granting of certification, the petitioner appealed to this court, challenging only the habeas court's rejection of his second amended petition. After the briefs in the present appeal were filed, but before oral argument was held before this court, the petitioner completed his underlying sentence. *Held* that the appeal was dismissed as moot, this court having concluded that, even if it were to assume that the habeas court erred in rejecting the second amended petition, there was no practical relief that could be afforded to the petitioner with respect to the claims asserted therein: with respect to the petitioner's statutory interpretation claims, the petitioner did not have a present interest in the calculation

of his risk reduction earned credits with regard to his parole eligibility date or in a parole suitability hearing; moreover, with respect to the petitioner's claims challenging the circumstances surrounding his decision to plead guilty, the petitioner did not seek the vacatur of his guilty pleas, and therefore no practical relief remained in connection with those claims; furthermore, with respect to the petitioner's claim challenging the performance of his criminal trial counsel during his sentencing hearing, although the petitioner's counsel stated during oral argument before this court that, notwithstanding the completion of his sentence, the petitioner still purportedly sought a new sentencing hearing, in light of the fact that he had fully served his sentence, there was no practical relief that could be afforded to him.

Argued April 8—officially released May 7, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Hon. Edward J. Mullarkey*, judge trial referee, rendered judgment dismissing the petition; thereafter, the petitioner, on the granting of certification, appealed to this court, *Elgo*, *Moll* and *Clark*, *Js.*, which reversed the judgment of the habeas court and remanded the case for further proceedings; subsequently, the court, *Newson*, *J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*Lisamaria T. Proscino*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. This case returns to us following the remand ordered in *Hodge* v. *Commissioner of Correction*, 216 Conn. App. 616, 624, 285 A.3d 1194 (2022). The petitioner, Marcus Hodge, appeals, following the grant of his petition for certification to appeal, from

the judgment of the habeas court dismissing, on its own motion, his amended petition for a writ of habeas corpus dated November 15, 2017 (first amended petition). On appeal, the petitioner claims that the court erred in rejecting the filing of his six count amended petition dated February 21, 2023 (second amended petition). Because there is no practical relief that we can afford the petitioner, who has fully served his underlying sentence, we dismiss the appeal as moot.

A comprehensive recitation of the relevant factual and procedural background, which is not necessary to repeat in this opinion, is set forth in *Hodge* v. *Commissioner of Correction*, supra, 216 Conn. App. 616. It suffices to state that, following the entry of guilty pleas in October, 2011, to charges arising out of a fatal hit-and-run accident, the petitioner was convicted of manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1), evading responsibility in the operation of a motor vehicle in violation of General Statutes (Rev. to 2009) § 14-224 (a), and failure to register as a sex offender in violation of General Statutes (Rev. to 2009) § 54-251. The court, *Alexander, J.*, sentenced the petitioner to a total effective sentence of fifteen years of incarceration without the imposition of probation or special parole.[1] While he was serving his sentence, he filed in the present action, inter alia, his first amended petition, which the habeas court, *Hon. Edward J. Mullarkey*, judge trial referee, dismissed on its own motion pursuant to Practice Book § 23-29. See *Hodge* v. *Commissioner of Correction*, supra, 619.

In the petitioner's appeal from the court's dismissal of his first amended petition, this court held that "the

---

[1] This court has taken judicial notice of the petitioner's December 16, 2011 sentencing proceeding and notes that the court, *Alexander, J.*, also concomitantly sentenced the petitioner in a separate violation of probation file to seven years and three months of incarceration and two years of incarceration in each of three other violation of probation files, all to run concurrently.

habeas court committed error in dismissing the [first] amended habeas petition pursuant to [Practice Book] § 23-29 without providing to the petitioner prior notice of its intention to dismiss, on its own motion, the [first] amended habeas petition and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal." Id., 617–18. We went on to "conclude that the proper remedy is to reverse the judgment of dismissal and remand the case to the habeas court for further proceedings according to law. Should the habeas court again elect to exercise its discretion to dismiss the [first] amended petition, or any subsequent amended petition properly filed by the petitioner, on its own motion pursuant to . . . § 23-29, the court must comply with the mandate of *Brown* [v. *Commissioner of Correction*, 345 Conn. 1, 282 A.3d 959 (2022)] and *Boria* [v. *Commissioner of Correction*, 345 Conn. 39, 282 A.3d 433 (2022)] by providing to the petitioner prior notice and an opportunity to submit a brief or a written response addressing the proposed basis for dismissal." *Hodge* v. *Commissioner of Correction*, supra, 216 Conn. App. 624.

On remand, the habeas court, *Newson, J.*, issued the requisite notice to the petitioner and the respondent, the Commissioner of Correction.[2] After an extension of

[2] The notice provided: "NOTICE OF POSSIBLE DISMISSAL PURSUANT TO PRACTICE BOOK § 23-29

"Pursuant to the remand order of the Appellate Court, upon review of the complaint in the above-titled matter, the court hereby gives notice pursuant to Practice Book § 23-29 that the court will consider whether the petition, or certain counts thereof, should be dismissed for the following reasons:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(5) any other legally sufficient ground for dismissal of the petition exists.

"MORE SPECIFICALLY: Since the petitioner's offense date preceded enactment of the [risk reduction earned credit] statute he now asserts the benefit of, should his claim(s) be dismissed.

"Pursuant to the case of *Brown* v. *Commissioner of Correction*, [supra, 345 Conn. 1], the parties shall have until January 20, 2023, to submit any legal memorandum they wish the court to consider in its decision."

time, on February 21, 2023, instead of filing the contemplated submission defending the jurisdiction of the court over the *first* amended petition, the petitioner simultaneously filed (1) the second amended petition and (2) a "memorandum re: jurisdiction" addressing why the claims asserted in his *second* amended petition were not subject to dismissal.

With respect to the second amended petition, the petitioner asserted the following claims: (1) a so-called statutory interpretation claim challenging (a) the respondent's interpretation of No. 13-3 of the 2013 Public Acts, § 59, which amended subsections (b) (2), (c), and (e) of General Statutes (Rev. to 2013) § 54-125a, and (b) the resulting calculation of the petitioner's risk reduction earned credits (RREC) vis-à-vis his parole eligibility date (count one); (2) a so-called statutory interpretation claim challenging (a) the respondent's interpretation of No. 13-247 of the 2013 Public Acts, § 376, which amended subsections (d) and (e) of General Statutes (Rev. to 2013) § 54-125a, and (b) the resulting refusal by the respondent to hold a parole suitability hearing (count two); (3) a *Santobello*[3] claim and an ineffective assistance of counsel claim challenging the circumstances surrounding the petitioner's decision to plead guilty (counts three and four, respectively); (4) an ineffective assistance of counsel claim challenging the petitioner's criminal trial counsel's performance at the petitioner's sentencing hearing (count

[3] "In *Santobello* v. *New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), the United States Supreme Court stated that 'the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to [en]sure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " *State* v. *Hurdle*, 217 Conn. App. 453, 470, 288 A.3d 675, cert. granted, 346 Conn. 923, 295 A.3d 420 (2023).

five); and (5) a due process claim challenging the prosecutor's alleged rescission of an agreement to a sentence modification hearing (count six).

On February 21, 2023, the court rejected the second amended petition in light of the pendency of the court's own motion to dismiss.[4] On February 27, 2023, the petitioner filed a "request to accept and docket amended petition for a writ of habeas corpus," which the court denied that same day. On March 30, 2023, the court dismissed the petitioner's first amended petition, reasoning that, in light of the petitioner's failure to respond to the court's order to address the legal sufficiency of the first amended petition, he had abandoned those claims. Thereafter, the petitioner filed a petition for certification to appeal, which the court granted. This appeal followed.

On January 8, 2024, between the filing of the appeal and oral argument before this court, the petitioner completed his underlying sentence. On appeal, the petitioner exclusively challenges the court's rejection of the petitioner's second amended petition. For the reasons that follow, we dismiss the appeal as moot.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the

---

[4] Specifically, the court stated: "This matter was remanded from the Appellate Court with specific directions on the issue to be addressed, namely, whether the [first amended] petition should be dismissed.

"Based on that remand order, this court issued notice to the parties (Order #119.00) to respond in writing whether the matter should be dismissed because the habeas court lacked jurisdiction over the claims made in the initial action. Further pleadings not directly addressing the issue of the motion to dismiss are not appropriate until such time as [the question of] whether the jurisdiction of the habeas court was properly invoked by the content of the original petition has been answered. [See] *Marshall* v. *Commissioner of Correction*, 206 Conn. App. 461, 470, 261 A.3d 49, [cert. denied, 338 Conn. 916, 259 A.3d 1180 (2021)]."

existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *Brookstone Homes, LLC* v. *Merco Holdings, LLC*, 208 Conn. App. 789, 798–99, 266 A.3d 921 (2021).

Mindful of the foregoing principles, we conclude that, even if we were to assume arguendo that the court erred in rejecting the second amended petition, there is no practical relief that can be afforded to the petitioner with respect to the claims asserted therein. With respect to the petitioner's so-called statutory interpretation claims set forth in counts one and two, the petitioner does not have a present interest in the calculation of his RREC credits vis-à-vis his parole eligibility date or in a parole suitability hearing. With respect to the petitioner's *Santobello* and ineffective assistance of counsel claims set forth in counts three and four, which challenge the circumstances surrounding his decision to plead guilty, the petitioner does not seek the vacatur of his guilty pleas, as confirmed by the petitioner's counsel during oral argument before this court. No practical relief remains, therefore, in connection with those

claims. With respect to count five, in which the petitioner challenges the performance of his criminal trial counsel during his sentencing hearing, although the petitioner's counsel stated during oral argument that, notwithstanding the completion of his sentence, the petitioner still purportedly seeks a new sentencing hearing, we conclude that, in light of the fact that he has fully served his sentence, there is no practical relief that can be afforded to him. Finally, with respect to count six, the petitioner's counsel abandoned such claim during oral argument before this court. See *Ayala* v. *Smith*, 236 Conn. 89, 94, 671 A.2d 345 (1996) ("[t]he determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument"). In sum, because we cannot afford the petitioner any practical relief, we dismiss the appeal as moot.[5]

The appeal is dismissed.

———————————————

[5] We note that, in his principal appellate brief, the petitioner appeared to acknowledge that, "as a result of the dismissal, it is likely that the petitioner's opportunity to litigate a habeas corpus case challenging the length of his period of incarceration—which is the issue he seeks to raise—will become moot, as he will have finished the sentence and parole by the time he is able to have a trial on the merits of his claims and may be in a position where practical relief is unavailable to him."

In his appellee brief filed in December, 2023, the respondent agreed, arguing that "the appeal should be dismissed as moot after January 8, 2024, when the petitioner is scheduled to be discharged from the respondent's custody without any special parole or probation." The respondent relied on *Patterson* v. *Commissioner of Correction*, 112 Conn. App. 826, 964 A.2d 1234 (2009), in which the petitioner in that case, who sought to challenge his classification as a "violent offender" by the Board of Pardons and Paroles, completed his sentence prior to oral argument before this court. See id., 828–29. This court concluded that the expiration of the petitioner's sentence rendered his appeal moot and that he did not satisfy his burden to show that "there is a reasonable possibility that prejudicial collateral consequences will occur as a result of the allegedly improper classification . . . ." Id., 834.

In his reply brief, the petitioner changed his position, contending that the completion of his sentence does not render the appeal moot. As an initial matter, the petitioner argues that *Patterson* is an outlier and instead relies on two cases standing for the overly broad proposition that a habeas corpus

action survives a petitioner's release from custody. The petitioner's reliance on those cases is misplaced, however, because in those cases, the petitioners brought claims challenging the legality of their convictions. See *Herbert* v. *Manson*, 199 Conn. 143, 144 n.1, 506 A.2d 98 (1986) ("[i]n attacking the legality of his conviction [i.e., by alleging that his convictions of the crimes of sexual assault in the first degree and kidnapping in the second degree should be overturned because of ineffective assistance of counsel], the petitioner has stated a claim that survives his release from incarceration and parole"); *Smith* v. *Commissioner of Correction*, 65 Conn. App. 172, 176, 782 A.2d 201 (2001) ("[i]n attacking the legality of his conviction in a habeas corpus action [i.e., by alleging that his guilty plea to an assault in the second degree charge was not made knowingly, intelligently, or voluntarily], the petitioner's claim survives his release from incarceration"). Here, the petitioner's counsel expressly acknowledged during oral argument before this court that the petitioner is not attacking his convictions.

Further, the petitioner argues, in the alternative, that, even if deemed moot, the petitioner's claims satisfy the capable of repetition yet likely to evade review exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 382, 660 A.2d 323 (1995) (exception has three requirements: (1) challenged action must be of inherently limited duration; (2) there must be reasonable likelihood that question presented will arise again and it will affect either same complaining party or reasonably identifiable group for whom that party can be said to act as surrogate; and (3) question must have some public importance). This argument warrants little discussion. Instead of analyzing how the nature of the petitioner's habeas claims satisfies the three part test for this exception set forth in *Loisel*, the petitioner launches unjustified and unsupported criticisms at the intentions of the habeas court and the manner in which it handles RREC related cases. Simply put, the petitioner has provided us with no basis on which to conclude that the three requirements set forth in *Loisel* are satisfied.

Finally, to the extent the petitioner's counsel attempted to invoke the collateral consequences exception to the mootness doctrine during oral argument before this court, we do not consider them because "[i]t is well settled that a claim cannot be raised for the first time at oral argument." (Internal quotation marks omitted.) *Burton* v. *Dept. of Environmental Protection*, 337 Conn. 781, 797 n.12, 256 A.3d 655 (2021).